UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JONATHON CARL SCHEIDLER,

        Petitioner,

v.                                              CASE NO. 07-10346
                                               HONORABLE BERNARD A. FRIEDMAN

MARY BERGHUIS,

        Respondent.
        _____/


## ORDER DENYING PETITIONER'S MOTIONS
## FOR BOND AND FOR AN EVIDENTIARY HEARING
## AND DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD

Petitioner Jonathon Carl Scheidler has filed a habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for five counts of child sexually abusive activity. Petitioner alleges that he was denied an impartial jury, his trial attorney was ineffective, the statute under which he was charged and convicted is unconstitutional, his right not to be placed in double jeopardy was violated, he was not provided sufficient notice of the charges, the evidence at trial was insufficient to sustain his convictions, and the habeas corpus standard of review is unconstitutional. Currently pending before the Court are Petitioner's motions for an evidentiary hearing and for release on bond pending a decision in this case. Respondent did not file an answer to the motions and she declined Petitioner's request to concur in the motions.

## I. Evidentiary Hearing

The motion for an evidentiary hearing seeks a hearing on Petitioner's claims of juror bias and ineffective assistance of trial counsel. "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)). Although some facts are in dispute and the state courts apparently refused to grant Petitioner's requests for a hearing, Respondent has not filed the state court record to date, and the Court is unable to say whether Petitioner's claims allege sufficient grounds for release. Accordingly, the motion for an evidentiary hearing [Doc. #10, Aug. 31, 2007] is **DENIED** without prejudice.

## II. Bond

Petitioner seeks release on bond pending the Court's decision on his habeas petition. He

> is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as "[t]here will be few occasions where a prisoner will meet the [Aronson] standard." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.

2

1990). Exceptional circumstances justifying release on bond pending a decision in a habeas case have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion, or (3) possibly when there was extraordinary delay in processing the habeas corpus petition. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *Calley v. Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974); *see also Puertas v. Overton*, 272 F. Supp.2d 621 (E.D. Mich. 2003) (Gadola, J.) (granting bond where the 76-year-old petitioner presented a substantial claim of law based on the facts and was being treated for bladder cancer and heart disease). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

      Petitioner has not alleged deteriorating health, an exceptionally short sentence nearing completion, or unusual delay in handling his habeas petition. He is serving a sentence of seven to forty years, which was imposed on July 23, 2003, and his earliest release date is more than two years from now. Although he alleges that he poses no risk of flight or danger to the community and that he has successfully completed educational programming and therapy in prison, these are not exceptional circumstances warranting special treatment in the interests of justice under *Landano* and *Calley*. *See also Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wisc. 1994) (concluding that willingness to abide by the terms of bail. if released, does not support a claim for release on bail). Accordingly, the motion for bond [Doc. #8, Aug. 31, 2007]

is **DENIED**. However, because this case has been pending for about one year and the responsive pleading was filed on August 9, 2007, the Court **ORDERS** Respondent to file the state court record within **sixty (60) days** of the date of this order.

                                    s/Bernard A. Friedman
                                    Bernard A. Friedman
                                    United States District Judge

Dated: January 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2008, by electronic and/or ordinary mail.

                                    s/Carol Mullins
                                    Case Manager