UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON CARL SCHEIDLER,

        Petitioner,

v.                                                                    CIVIL ACTION NO. 07-10346
                                                         HONORABLE BERNARD A. FRIEDMAN

MARY BERGHUIS,

        Respondent.

_____/

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jonathon Carl Scheidler has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons given below and at a hearing held in this Court, the petition is **GRANTED**.

**I. Background**

On June 3, 2003, an Ogemaw County Circuit Court jury found Petitioner guilty of five counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2). The convictions arose from allegations that Petitioner filmed three underage girls engaging in sexual activity at a party in his apartment. The trial court sentenced Petitioner to imprisonment for seven to forty years. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, *per curiam* opinion, *see People v. Scheidler*, No. 250977 (Mich. Ct. App. Apr. 19, 2005), and on April 7, 2006, the Michigan Supreme Court denied leave to appeal. *See People v. Scheidler*, 474 Mich. 1109; 711 N.W.2d 743 (2006).

Petitioner raised several issues in his federal habeas corpus petition, which

he filed through counsel in 2007. On July 24, 2009, the Court denied relief on six of the eight claims and deferred a ruling on the remaining two claims. On November 10, 2009, the Court held an evidentiary hearing on Petitioner's claims that he was denied his constitutional right to a fair trial due to juror bias and ineffective assistance of trial counsel.

## II. Discussion

Petitioner claims that two of the jurors who deliberated his case were biased because they knew his former co-defendant, Jason Kruger, and had unpleasant experiences with Kruger prior to trial. Petitioner also claims that his trial attorney was ineffective for not questioning the jurors about their past experiences with Kruger.

### A. Clearly Established Federal Law

Petitioner is entitled to the writ of habeas corpus if the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1).

Defendants in criminal cases in state court have a constitutional right to a fair and impartial jury. *Ristaino v. Ross,* 424 U.S. 589, 595 n. 6 (1976), and *Irvin v. Dowd,* 366 U.S. 717, 722 (1961). Although juror testimony ordinarily may not be used to impeach a jury's verdict, an exception to this rule exists when an extraneous influence is alleged to have affected the jury. *Tanner v. United States*, 483 U.S. 107, 117 (1987). An extraneous influence on a juror is "'one derived from specific knowledge about or a relationship with

either the parties or their witnesses.'" *Garcia v. Andrews*, 488 F.3d 370, 376 (6th Cir. 2007) (quoting *United States v. Herndon*, 156 F.3d 629, 635 (6th Cir. 1998)), *cert. denied*, __ U.S. __, 128 S. Ct. 493 (2007).

"The presence of even a single biased juror deprives a defendant of his right to an impartial jury." *Williams v. Bagley*, 380 F.3d 932, 944 (6th Cir. 2004) (citing *Morgan v. Illinois*, 504 U.S. 719, 729 (1992)). A biased juror in the usual sense "is one who has a predisposition against or in favor of the defendant. In a more limited sense, a biased juror is one who cannot 'conscientiously apply the law and find the facts.'" *Franklin v. Anderson*, 434 F.3d 412, 422 (6th Cir. 2006) (quoting *Wainwright v. Witt*, 469 U.S. 412, 423 (1985)).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires showing "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and "that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### B. Application

One of the jurors who deliberated Petitioner's case stated during *voir dire* that she attended school with Jason Kruger, a potential witness in the case. Although the juror assured the trial court that she knew of no reason why she could not be fair and impartial, she informed a defense investigator after trial that Jason Kruger had sexually assaulted her years earlier. She claimed that, if she had known about Jason Kruger's role in Petitioner's

3

case, she would have told the trial court during *voir dire* that she could not be a fair and impartial juror. She also informed the investigator that Kruger's association with Petitioner and his involvement in the case against Petitioner naturally caused her to be biased against Petitioner.

At the evidentiary hearing held in this Court, the juror testified that, if she were Petitioner, she would not have wanted her as a juror. She also testified that her decision as a juror was affected by her experience with Jason Kruger and Kruger's friendship with Petitioner.

Jason Kruger was not tried with Petitioner and was not a witness at Petitioner's trial. However, Kruger was involved in the same events for which Petitioner was tried and convicted. It is clear from the juror's testimony at the evidentiary hearing, which the Court finds credible, that her knowledge of Jason Kruger was an extraneous influence on her decision and caused her to be biased and predisposed against Petitioner. The Court agrees with Michigan Supreme Court Justice Stephen J. Markman who stated in a dissenting opinion that "the allegation of bias in this case is unusually compelling and raises a serious question regarding whether [Petitioner] received a fair trial."

The Court also believes that Petitioner was denied a fair trial by ineffective assistance of trial counsel. Petitioner's trial attorney, Edward Czuprynski, testified at the evidentiary hearing that he did not hear the juror say during *voir dire* that she knew Jason Kruger. This testimony is credible because Mr. Czuprynski had a hearing problem at the time and he claims that he was consulting with Petitioner when the juror made the comment about Jason Kruger. Mr. Czuprynski testified that he would have pursued the matter if he had heard the juror's remark and that he would have asked to have the juror

4

removed from the jury for cause if he had known the juror was raped by Kruger. It is clear from this testimony that Mr. Czuprynski's failure to question the juror about her relationship with Jason Kruger was not a matter of trial strategy.

Mr. Czuprynski's failure to question the juror about her relationship with Jason Kruger amounted to deficient performance. The deficient performance prejudiced the defense because the juror could have been excused for cause if she had revealed her negative feelings toward Kruger.

### III. Conclusion

For the reasons given above and at the evidentiary hearing, the Court finds that Petitioner was denied his constitutional right to a fair trial as a result of a biased juror and ineffective assistance of trial counsel. The state appellate court's decision to the contrary resulted in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, Petitioner's application for the writ of habeas corpus is conditionally **GRANTED**. The State shall release Petitioner or take steps to retry him within 120 days of the date of this order.

S/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: November 12, 2009

     I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2009, by electronic and/or ordinary mail.

                                                <u>S/Carol Mullins</u>
                                                Case Manager